## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**KEHRER BROTHERS CONSTRUCTION, INC.,**

     **Plaintiff,**

**v.**

**CUSTOM BODY COMPANY, INC.,**
**CUSTOM TRUCK & EQUIPMENT, LLC,**
**CUSTOM BODY, LLC,**
**CUSTOM TRUCK SALES, LLC, and**
**TEREX CORPORATION, d/b/a TEREX CRANES,**
**d/b/a TEREX CRANES, INC.,**

     **Defendants.**                                    **Case No. 05-cv-246-DRH**

### <u>MEMORANDUM & ORDER</u>

**HERNDON, District Judge:**

     The Court now considers two pending motions filed by Plaintiff and defendant Terex Corporation, d/b/a Terex Cranes, d/b/a Terex Cranes, Inc. ("Terex") in this case.  Terex has filed its Motion for Judgment on the Pleadings/Summary Judgment pursuant to **FEDERAL RULES OF CIVIL PROCEDURE 12 (c)** and **56(c)** (Doc. 33).  Terex argues that Count IV (Negligence) and Count V (Strict Liability) of Plaintiff's First Amended Complaint (Doc. 22), should be dismissed against Terex with prejudice, as Plaintiff claims only economic damages and under the ***Moorman*** doctrine, economic loss (such as the repair costs and loss of use damages Plaintiff seeks) cannot be recoverable under tort theories of negligence and/or strict liability. ***Moorman Manufacturing Co. v. Nat'l Tank Co.***, 91 Ill.2d 69, 435 N.E.2d 443,

**61 Ill. Dec. 746 (1982)**.

Plaintiff has filed a partial Motion to Dismiss without prejudice (Doc. 39) Count IV (Negligence) and Count V (Strict Liability) of its First Amended Complaint (Doc. 22), as it pertains only to Terex.[1]  Plaintiff's Motion to Dismiss actually appears to serve as its Response to Terex's Motion, but Plaintiff fails to specifically indicate this,  Further, although not specifically stated, Plaintiff's Motion is made pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 41**.  However, because Terex has already filed an answer *and* summary judgment motion, under **Rule 41(a)** Plaintiff cannot simply dismiss as claim as of right.[2]  Plaintiff must either obtain a stipulation entered into by all parties in the action, pursuant to **Rule 41(a)(1)(ii)** or request a dismissal by order of the Court pursuant to **Rule 41(a)(2)**.  Therefore, the Court cannot merely

---

[1]  Plaintiff actually filed this as a "Notice" of Dismissal.

[2]  **Rule 41(a)** states:

    **(a) Voluntary Dismissal: Effect Thereof.**

        **(1) By Plaintiff; by Stipulation**. Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, *an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action*. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

        **(2) By Order of Court**. *Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.* If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

acknowledge Plaintiff's "Notice" of Dismissal (Motion to Dismiss), as it was not stipulated or consented to by any of the other parties to the suit.  Yet, similarly, Terex did not oppose Plaintiff's "Notice" of Dismissal**.**

The Court observes that granting either party's Motion will still leave Terex in the suit, as Count III of Plaintiff's Amended Complaint alleges Breach of Warranty against Terex.  Strangely, neither Plaintiff nor Terex chose to respond to the other's respective motion.  It is now left to the Court's discretion to determine which motion, if any, should be granted.  Because granting either results in the same Counts being dismissed – the only difference being whether the dismissal is with or without prejudice – the Court finds it more appropriate to grant Plaintiff's motion, as the substantive issues regarding dismissal were not adequately briefed by both parties.  Accordingly, the Court **GRANTS** Plaintiff's Motion to Dismiss (Doc. 39).  Counts IV and V of Plaintiff's First Amended Complaint (Doc. 22), against defendant Terex only, are hereby **DISMISSED WITHOUT PREJUDICE**.  As such, the Court finds defendant Terex's Motion for Judgment on the Pleadings/Summary Judgment (Doc. 33) to be **MOOT**.

**IT IS SO ORDERED.**

Signed this 18th day of April, 2006.

/s/            David RHerndon
**United States District Judge**