IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**KEHRER BROTHERS CONSTRUCTION, INC.,**

    **Plaintiff,**

v.

**CUSTOM BODY COMPANY, INC.,**
et al.,

    **Defendants.**                             **Case No. 05-cv-246-DRH**

## MEMORANDUM & ORDER

**HERNDON, District Judge:**

The matter was initially before the Court on defendant Custom Body Company, Inc., Custom Truck & Equipment, LLC, f/k/a Custom Body, LLC and Atlas Truck Sales, LLC, d/b/a Custom Truck Sales, LLC's (hereinafter the "Custom Defendants")[1] Motion to Dismiss (Doc. 64). The Custom Defendants move for a dismissal pursuant to **Federal Rule of Civil Procedure 12(b)(6)**, asserting that plaintiff Kehrer Brothers Construction, Inc., has failed to state a claim against them upon which relief can be granted. The parties' respective briefings concerning the

---

[1] This is how the moving parties are listed in the caption of Plaintiff's Second Amended Complaint (Doc. 62). However, the Court notes that in the Motion to Dismiss (Doc. 64), the moving Defendants are listed as Custom Body Company, Inc., Custom Truck & Equipment, LLC, Custom Body, LLC and Custom Truck Sales, LLC. Aside from the misnomers, likely due to the twice amended Complaint and recent mergers of certain Defendant companies, the Court understands the parties to be equivalent.

Motion to Dismiss require the Court to reach the merits of Plaintiff's claims. In reviewing the Second Amended Complaint as part of its analysis on the Motion to Dismiss, the Court notes Plaintiff has brought its suit in federal court on the basis of diversity jurisdiction, pursuant to **28 U.S.C. § 1332**. Upon further review, the Court observes what may be a potential jurisdictional problem.

While none of the parties challenge the basis for federal jurisdiction, it is this Court's independent obligation to assure itself of jurisdiction over the parties' controversy. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." ***Ex parte McCardle*, 7 Wall. 506, 514 19 L. Ed. 264 (1868)**; ***Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94 (1998)**. In fact, federal courts are "obliged to police the constitutional and statutory limitations on their jurisdiction" and should raise and consider jurisdictional issues regardless of whether the matter is ever addressed by the parties to the suit. ***See Kreuger v. Cartwright*, 996 F.2d 928, 930-31 (7th Cir. 1993)**; ***Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir. 1986)**. Thus, the Court must now raise the issue *sua sponte*.

The statute regarding diversity jurisdiction, **28 U.S.C. § 1332**, requires complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. Complete diversity means that "none of the

parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." **Howell v. Tribune Entertainment Co.**, **106 F.3d 215, 217 (7th Cir. 1997) (citations omitted)**. Under **28 U.S.C. § 1332(c)**, for the purpose of federal diversity jurisdiction, a corporation is deemed a citizen of both the state in which it is incorporated and the state where its principal place of business is located. **Casio, Inc. v. S.M. & R. Co., 755 F.2d 528, 529 (7th Cir.1985)**. "The citizenship for diversity purposes of a limited liability company, however, despite the resemblance of such a company to a corporation (the hallmark of both being limited liability), is the citizenship of each of its members." **Wise v. Wachovia Securities, LLC, 450 F.3d 265, 267 (7th Cir. 2006)(collecting cases); see also Commonwealth Ins. Co. v. Titan Tire Corp., 398 F.3d 879, 881 n.1 (7th Cir. 2004)(citing Belleville Catering Co. v. Champaign Market Place, LLC, 350 F.3d 691, 692 (7th Cir. 2003))**. As such, unincorporated business entities, such as limited partnerships ("LP") or limited liability companies ("LLC") "are [more appropriately] analogized to partnerships . . . ." **Belleville Catering Co., 350 F.3d at 692 (citing Carden v. Arkoma Associates, 494 U.S. 185, 110 S. Ct. 1015 (1990))**. Thus, the Seventh Circuit deems an LLC a citizen "of every state of which any member is a citizen." **Id. (citing Cosgrove v. Bartolotta, 150 F.3d 729 (7th Cir.1998))**.

In this suit, several of the Custom Defendants are alleged to be LLC's. Plaintiff pleads the state of their registration, as well as where each LLC's principle

place of business is located; Plaintiff has failed to properly plead the citizenship of all the members comprising each LLC. Although the Court regrets making this threshold determination at such a late stage in the proceedings, it must nevertheless adhere to its continuing obligation to raise jurisdictional issues as soon as they become apparent. On the other hand, counsel for Plaintiff is charged with the knowledge of the law; the resulting consequence of failing to follow the law falls on counsel.

Plaintiff's failure to properly plead the citizenship of the Custom Defendants that are LLC's puts into question whether the citizenship between the parties is completely diverse. Until this has been properly plead, the Court must approach this case as if jurisdiction does not exist. Along these lines, the Court does not have the authority to "consider the merits of a case over which it is without jurisdiction." **Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 379 (1981)**. Therefore, the Court will not look into the merits of any pending motion, including the Custom Defendants' Motion to Dismiss (Doc. 64).

While the Court is not stating that diversity jurisdiction between the parties does not exist, currently, it is in question and thus, not established. Unfortunately, Plaintiff's Second Amended Complaint (Doc. 62) must therefore be **DISMISSED WITHOUT PREJUDICE** for failure to properly plead and establish subject matter jurisdiction. Further, the Court hereby **FINDS AS MOOT** all other pending motions in this case. However, the Court will keep the case file open in

order to allow Plaintiff thirty (30) days from the date of this Order to file a Motion for Leave to File an Amended Complaint, to include the proper jurisdictional allegations, as explained in this Order.  If Plaintiff does not timely file said Motion or fails to request an extension of time, the Clerk will then be instructed to close the case file.

**IT IS SO ORDERED**.

Signed this 27th day of March, 2007.

/s/     David   RHerndon
**United States District Judge**