IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**KEHRER BROTHERS CONSTRUCTION, INC.,**

    **Plaintiff,**

v.

**CUSTOM BODY COMPANY, INC.,**
et al.,

    **Defendants.**                             Case No. 05-cv-246-DRH

## ORDER

**HERNDON, District Judge:**

On March 27, 2007, the Court issued an Order (Doc. 114) which dismissed Plaintiffs' claims without prejudice for lack of subject matter jurisdiction. Specifically, Plaintiff had brought claims against defendant LLCs and had failed to properly plead allegations of citizenship (see Doc. 114, p. 3, "Thus, the Seventh Circuit deems an LLC a citizen "of every state of which any member is a citizen." ***Id.*** **(citing *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998))**). The Court granted Plaintiff thirty days to move for leave to file an amended complaint in order to correct the noted jurisdictional deficiencies. Pending at that time was Plaintiff's Motion for Leave to File Third Amended Complaint (Doc. 107), to which Defendants had opposed. However, the dismissal Order (Doc. 114) also found as moot all remaining pending motions, thus, Plaintiff's Motion for Leave (Doc. 107) is now moot.

Pursuant to the Court's Order, on April 16, 2007, Plaintiff again filed a Motion for Leave to File Third Amended Complaint (Doc. 115). Plaintiff amends the complaint in order to attempt to correct the jurisdictional deficiencies as well as to include additional factual allegations to its pre-existing causes of action, mainly regarding Defendants' alleged successor liability. Plaintiff claims its reason for the late-amendment is because it was based upon an Asset Pruchase Agreement allegedly produced by Defendants after Plaintiff had already filed its Second Amended Complaint. This is actually the same factual information Plaintiff sought to add via its initial Motion for Leave to File Third Amended Complaint (Doc. 107).

Defendants, again, oppose Plaintiff's new Motion for Leave (Doc. 115). In their Response (Doc. 118), Defendants first argue that the Court's Order directed the complaint be amended regarding jurisdiction only. Defendants renew their objections to the proposed additional factual allegations, asserting that Plaintiff's undue delay in seeking to file an amended complaint should not be tolerated and is further, futile, as it seeks to only add facts to pre-existing causes of action, which is unnecessary considering the federal notice-based pleading requirements.

The Court does not find "undue delay, bad faith, dilatory motive, prejudice or futility" exists regarding Plaintiff's proposed amendments regarding the additional factual allegations. Therefore, pursuant to **Federal Rule of Civil Procedure 15(a)**, these factual allegations are acceptable. However, the Court cannot, at this time, grant Plaintiff's Motion for Leave (Doc. 115), as its finds jurisdictional deficiencies exist. Particularly, Plaintiff's proposed Third Amended

Complaint, when alleging the citizenship for defendant LLC's, merely states, "[u]pon information and belief, none of the members of Custom Truck are Illinois residents or citizens." Yet again, this allegation will not suffice to properly establish the citizenship of an LLC. Plaintiff must specifically name and citizenship of each and every member comprising each defendant LLC. Plaintiff's allegations that none of the members are residents or citizens of Illinois, if made in good faith, requires Plaintiff to be aware of the members and their respective citizenship in order to make such an allegation in the first place.[1]

Therefore, the Court **DENIES** Plaintiff's Motion for Leave to File Third Amended Complaint (Doc. 115), but again, will allow Plaintiff a final opportunity to correct the noted jurisdictional deficiencies. Plaintiff is hereby allowed an additional **fifteen (15) days** from the date of this Order to file a Motion for Leave to File an Amended Complaint. If Plaintiff does not timely file said Motion or fails to request an extension of time, the Clerk will then be instructed to close the case file.

However, if, for some reason, Plaintiff is unable to plead with certainty the membership and citizenship of each defendant LLC, it should instead file a memorandum, informing the Court of this fact and requesting the opportunity to conduct limited jurisdictional discovery in order to determine whether diversity of citizenship exists so that Plaintiff may thereafter attempt to file an amended

---

[1] Plaintiff should also be apprised of the legal distinction between the terms "resident" and "citizen" for diversity analysis purposes. ***See Simon v. Allstate Employee Group Medical Plan*, 263 F.3d 656, 658 n.1 (7th Cir. 2001)(citations omitted)("An allegation of residency, however, is insufficient to establish diversity jurisdiction.")**.

complaint with sufficient jurisdictional allegations.

**IT IS SO ORDERED**.

Signed this 20th day of April, 2007.

/s/     David   RHerndon
**United States District Judge**
