IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KEHRER BROTHERS CONSTRUCTION, INC., an Illinois corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 3:05-cv-246-DRH |
| CUSTOM BODY COMPANY, INC., a South Dakota corporation, et al., | ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by Chief United States District Judge David R. Herndon pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Second Motion to Enforce Settlement (Doc. 149). For the reasons set forth below, it is **RECOMMENDED** that the motion be **DENIED** and that the Court adopt the following findings of fact and conclusions of law:

### FINDINGS OF FACT

On November 30, 2006, Plaintiff Kehrer Brothers Construction, Inc. ("Kehrer Brothers") settled its claims against Defendant Terex Corporation and Terex-RO (jointly "Terex"), with the parties executing a handwritten document setting forth the basic terms of the settlement agreement. The detailed terms and conditions of settlement were later agreed top and reduced to a formal Joint and Mutual Release (the "Settlement Agreement"), which the parties executed on March 19, 2007.

As required in the Settlement Agreement, Kehrer Brothers agreed to and did file a Stipulation for Dismissal using the following language: "Come now Plaintiff Kehrer Brothers

Construction, Inc. and Defendants Terex Corporation and Terex-RO, and hereby stipulate that Plaintiff's cause of action against Defendants Terex Corporation and Terex-RO shall be dismissed with prejudice, with each party to bear its own costs." (Doc. 112). The Settlement Agreement did not provide any language to indicate that the Court would retain jurisdiction over the matter for purposes of enforcing the Settlement Agreement.

On March 27, 2007, the District Court acknowledged the Stipulation for Dismissal and dismissed with prejudice Kehrer Brothers cause of action against Terex. This Order did not incorporate by reference the Settlement Agreement nor did it explicitly or implicitly retain jurisdiction for purposes of either monitoring or enforcing the settlement reached between Kehrer Brothers or Terex.

A dispute has arisen over compliance with a provision of the Settlement Agreement wherein Terex agreed to deliver a crane within a specific period of time to Kehrer Brothers. The instant motion seeks not only an order for the Court compelling Terex to comply with the terms of the Settlement Agreement, it also seeks its costs and attorneys' fees that were a direct result of the alleged breach of the Settlement Agreement.

On April 16, 2008, this Court held a hearing on this motion. At the hearing, the Court informed the parties that there appeared to be an issue of whether this Court has subject matter jurisdiction to grant any of the relief requested in the motion. The parties were given leave to file a brief on the issue on or before April 30, 2008. Terex filed its response on April 18, 2008 (Doc. 152). Kehrer Brothers did not file a response by April 30, 2008.

### CONCLUSIONS OF LAW

Whether a District Court has continuing jurisdiction to enforce a settlement agreement after the parties to that agreement were dismissed with prejudice was the issue decided by the

United States Supreme Court in Kokkonen v. Gardian Life Ins. Co. of Am., 511 U.S. 375 (1994). Just as in the instant matter, in Kokkonen, the parties executed a Stipulation and Order of Dismissal with Prejudice, which the district court adopted. Like in this case, the Stipulation and Order in Kokkonen did not reserve jurisdiction in the district court to enforce the settlement agreement, nor did it incorporate by reference the terms of the settlement agreement.

The Court in Kokkonen held absent a reservation of jurisdiction made in the dismissal order, enforcement of a settlement agreement "is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." 511 U.S. at 379. Finding that neither the civil rules "nor any provision of law" provides for jurisdiction over disputes arising out of an agreement that produced the stipulation of dismissal, the Court considered whether the concept of ancillary jurisdiction might provide a basis for enforcing a settlement agreement following a stipulation of dismissal. The Court held that the concept of limited federal jurisdiction does not permit ancillary jurisdiction to be asserted over any agreement that has as part of its consideration the dismissal of a case before a federal court. Id. at 380.

Here, the District Court did not expressly or impliedly retain jurisdiction to enforce the terms of the Settlement Agreement reached between Kehrer Brothers and Terex, and consideration for entering into the Settlement Agreement clearly includes the stipulation of dismissal, as written. Accordingly, this Court lacks subject matter jurisdiction to enforce the terms of the Settlement Agreement by granting Kehrer Brothers' motion. Any disputes regarding compliance with the terms of the Settlement Agreement are matters for state courts, unless there is some independent basis for federal jurisdiction.

## CONCLUSION

Therefore, for the reasons set forth above, it is **RECOMMENDED** that the Motion to Enforce Settlement (Doc. 149) be **DENIED** and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: May 6, 2008**

        s/ *Donald G. Wilkerson*
        **DONALD G. WILKERSON**
        **United States Magistrate Judge**